In re ST. JOHN.

In re ANDREWS' ESTATE.

(Supreme Court, Appellate Division, First Department. May 12, 1905.)

1. ESTOPPEL—RELEASE OF CLAIM FOR LEGACY—RIGHT AS HEIR.
    One is not estopped from participating in the part of testator's estate as to which he died intestate by giving the executor a receipt releasing all claims on account of a legacy.

2. EXECUTORS—ACCOUNTING—OPENING DEFAULT.
    One cited as legatee to appear at the accounting of an executor, not having appeared because she did not then know of her interest as heir, may have her default opened and be allowed to file objections on account of her rights as heir.

Appeal from Surrogate's Court, New York County.

In the matter of the judicial settlement of the accounts of Gamaliel C. St. John as executor of Wallace C. Andrews, deceased. Emma H. Andrews made application to open her default, and for leave to appear and file objections to the account, which was denied, and she appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Harold Nathan, for appellant.
William N. Cohen and James W. Hawes, for respondent executor.
Herbert H. Gibbs, for respondent G. C. St. John.
Henry Wollman and Virgil P. Kline, for respondent Andrews Inst. for Girls.

O'BRIEN, J.　This appeal presents the same question that was raised by Norman C. Andrews upon his appeal, and which is decided herewith.　93 N. Y. Supp. 836.　The present application is made by Emma H. Andrews, a sister of the testator, and one of his next of kin.　She is also a legatee in the will, and as such was cited on the accounting, but did not appear in response to the citation.　Her legacy was paid, and she signed a receipt therefor, which recited that she released, quitclaimed, and forever discharged the executor and the estate of the decedent "of and from all and all manner of debts, claims, and causes of action which against the said executor or the said estate" she then had or ever had had "on account of the legacy left" her "by said will."　In the affidavit used in support of her motion it is alleged that after her failure to appear in response to the citation she was informed and advised of her possible interest in the estate arising from the circumstances passed upon by us in considering the application of Norman C. Andrews.　Upon learning of her possible interest in the estate, she made this motion to open her default, and for leave to appear and file objections to the account of the executor.

The release and receipt signed by her does not estop her from participating in any portion of the estate as to which the testator may have died intestate, and the fact that she failed to appear in response to the citation because she had not then been advised of her possible interest in that portion of the estate should not deprive her of the right of appearing on the accounting, and there litigating her claim.　Especially is this so in view of our decision in respect to the Norman C. Andrews motion, which will necessitate the determination on the accounting of the rights of all the next of kin of decedent, so that the appearance of this applicant in that proceeding will not delay or complicate the final settlement of the account of the executor.

For these reasons, and for the further reasons stated in discussing the motion of Norman C. Andrews, we are of the opinion that the order appealed from must be reversed, with costs, and the motion of the applicant granted, with costs, to abide final award of costs. All concur.